[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12144
Non-Argument Calendar

_____

D.C. Docket No. 1:04-cr-00003-WLS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD K. LAWSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 11, 2021)

Before MARTIN, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Donald Lawson appeals the denial of his motion for a reduction of his sentence under § 404(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194.  After reviewing the record and the parties' briefs, we affirm.

I.

Lawson pleaded guilty in 2004 to possessing with intent to distribute more than 50 grams of cocaine base and possessing a firearm in furtherance of a drug-trafficking crime.  At the time, for a defendant with Lawson's criminal history, the statutory sentencing range for his crack-cocaine offense was 20 years to life in prison, followed by at least 10 years' supervised release.  The district court imposed the mandatory minimum sentence of 20 years' imprisonment on the drug-trafficking crime and 5 years consecutive on the firearm offense.

In March 2019, Lawson filed a pro se letter stating that he believed the First Step Act of 2018 could potentially lower his sentence and asking for the appointment of counsel to review his case.  Section 404 of the First Step Act authorizes a district court that imposed a sentence for a "covered offense"—that is, a crack-cocaine offense that triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii) before those provisions were modified by the Fair Sentencing Act of 2010—to impose a reduced sentence "as if" the relevant sections of the Fair Sentencing Act were in effect at the time the defendant committed his offense.  First Step Act § 404; *United States v. Jones*, 962 F.3d 1290, 1301 (11th Cir. 2020).

2

The district court construed Lawson's pro se filing as a motion for a sentence reduction under the First Step Act. On March 22, 2019, four days after Lawson filed his pro se letter, the district court issued an order finding that (1) Lawson's drug offense was a "covered offense" within the meaning of the First Step Act, (2) the Fair Sentencing Act effectively lowered the statutory penalties for Lawson's crack-cocaine offense to ten years to life and at least eight years' supervised release, and (3) Lawson's revised Guidelines range was 262 to 327 months. The district court reduced Lawson's sentence of imprisonment from 300 months to 262 months and reduced his term of supervised release from ten years to eight years.

In July 2019, Lawson submitted another pro se filing, in which he acknowledged the prior reduction but stated that he thought he would be counseled or consulted before his sentence was lowered and argued that he should have been given a full resentencing hearing and the benefit of changes in the law since his 2004 sentencing (beyond those in the First Step Act). The district court appointed counsel for Lawson, and his counsel filed a supplemental First Step Act motion asserting that the district court appeared not to have understood that it could sentence Lawson below the low end of his recalculated Guidelines range and requesting a further reduction in Lawson's sentence to 180 months' imprisonment.

3

The district court declined to hold a hearing and denied Lawson's motion, pointing out that the First Step Act prohibited it from granting more than one sentence reduction under § 404 of the Act. The court also clarified that it had been "well aware that the Guidelines are advisory" at the time that it ruled on Lawson's first motion. The court explained that it had considered the sentencing factors in 18 U.S.C. § 3553(a) when reducing Lawson's sentence to 262 months, and it still considered that to be the appropriate sentence. Lawson now appeals.

## II.

We review de novo whether a district court had the authority to modify a prisoner's sentence under § 404 of the First Step Act. *Jones*, 962 F.3d at 1296. We review the district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for an abuse of discretion. *Id.* "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015).

On appeal, Lawson argues—as he did in his counseled motion below—that the district court appeared not to understand that it had the discretion under the First Step Act to reduce his sentence below his revised Guidelines range. We do not agree.

4

In its eight-page order denying Lawson's counseled motion for an additional reduction in his sentence, the district court reiterated its determination that Lawson was eligible for a sentence reduction under § 404 of the First Step Act, and it again discussed the impact of the Fair Sentencing Act on Lawson's statutory and Guidelines sentencing ranges. It also specifically referenced Lawson's argument that the court may not have understood its authority to reduce his sentence below his revised Guidelines range, clarifying that although its prior order included a passing reference to U.S.S.G. § 1B1.10,[1] the order stated only that it had considered that policy statement, along with the § 3553(a) sentencing factors, to the extent that they were applicable. The court further clarified that it had been "well aware" at the time that the Sentencing Guidelines were advisory. Finally, the court emphasized that it had "already considered the sentencing factors at 18 U.S.C. § 3553(a), in imposing a sentence of 262 months," and that it still believed that sentence to be the appropriate one for Lawson. We find no ambiguity in this explanation, and we therefore reject Lawson's request to vacate the district court's order and remand for further clarification.[2]

---

[1] Section 1B1.10, the Sentencing Guidelines policy statement applicable to sentence reductions based on retroactive application of a reduced Guidelines range, states that courts shall not reduce a prisoner's sentence under the applicable provisions below the minimum of the amended guideline range.

[2] We need not address the district court's other holding that Lawson's motion would be barred by § 404(c) of the First Step Act based on his previous pro se letter requesting counsel that the district court recharacterized as a First Step Act motion. Section 404(c) states, in part, that "[n]o Court shall entertain a motion made under this section to reduce a sentence if . . . a previous

III.

For the foregoing reasons, we affirm the district court's denial of Lawson's

motion for a second reduction in his sentence under § 404 of the First Step Act.

**AFFIRMED.**

---

motion made under this section to reduce the sentence was . . . denied after a complete review of the motion on the merits."  First Step Act § 404(c).  A split panel of our Court recently considered whether a district court's recharacterization decision in the First Step Act context should be treated like recharacterization decisions in the 28 U.S.C. § 2255 habeas context.  *See United States v. Russell*, No. 19-12717, 2021 WL 1418288, at *7 n.9 (11th Cir. Apr. 15, 2021).  Because of the consequences inherent in filing an initial motion to vacate a sentence under 28 U.S.C. § 2255, the Supreme Court held in *Castro v. United States* that a litigant would be relieved from the consequences of filing a first § 2255 motion if the district court recharacterized a pro se motion requesting other relief as a § 2255 motion without "inform[ing] the litigant of its intent to recharacterize, warn[ing] the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provid[ing] the litigant with an opportunity to withdraw, or to amend, the filing."  540 U.S. 375, 377, 383 (2003).  Because the district court clarified that it would deny Lawson's motion on the merits even after considering his counseled supplemental filing, we need not address in this case whether *Castro* applies to recharacterization decisions in the First Step Act context.